UNITED STATES of America,
Plaintiff–Appellee,

v.

Herbert Talmadge GENTRY,
Jr., Defendant–Appellant.

No. 93–5213.

United States Court of Appeals,
Tenth Circuit.

Aug. 8, 1994.

Stephen J. Knorr, Federal Public Defender (Stephen J. Greubel, Asst. Federal Public Defender, with him on the brief), Tulsa, OK, for defendant-appellant.

Steven C. Lewis, U.S. Atty. (Allen J. Litchfield, Asst. U.S. Atty., with him on the brief), Tulsa, OK, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Herbert Gentry pleaded guilty to one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Defendant appeals his sentence, and we have jurisdiction under 18 U.S.C. § 3742.

Following Defendant's guilty plea, the United States Probation Office prepared and filed a presentence report. The report indicated that Defendant had ten prior convictions that were more than fifteen years old from the date of the instant offense, and thus were not counted in the computation of his criminal history.[1] As an Armed Career Criminal, Defendant was assigned criminal history category VI. Concluding that criminal history category VI did not adequately represent Defendant's criminal history, the report recommended an upward departure to an "artificial" category IX. At sentencing, the district court adopted the recommendations of the presentence report and departed upward from the applicable guideline range stating in pertinent part:

The court has studied the criminal history category and recognizes that [Defendant's] criminal history includes ten separate legal law violations that were not assigned any criminal history points due to the time considerations, each conviction not considered but what I consider is a related case in accordance with 4A1.2(a)2 and the court

is of the conclusion that the criminal history categories are not sufficiently taken into consideration and therefore an upward departure would be appropriate.

Tr. Vol. IV., p. 16.

The court departed upward from criminal history category VI to an "artificial" criminal history category IX. The court then sentenced Defendant to 360 months imprisonment, and this appeal followed.

■ On appeal, Defendant claims the district court erred in departing upward because it failed to sufficiently explain its reasons for the upward departure. We review de novo the district court's articulated reasons for departing upward from the guidelines. *United States v. White*, 893 F.2d 276, 277–78 (10th Cir.1990).

■ We first note that when a sentencing court departs upward from the applicable guideline range, the court must sufficiently explain its reasons for departure. *United States v. Gardner*, 905 F.2d 1432, 1435 (10th Cir.), *cert. denied*, 498 U.S. 875, 111 S.Ct. 202, 112 L.Ed.2d 163 (1990). "If the district court does not explicitly set forth the considerations that motivate its decision to depart upward from the Guidelines, we will not speculate as to what those considerations may have been." *United States v. White*, 893 F.2d 276, 278 (10th Cir.1990).

If the sentencing court determines that the defendant's criminal history category "does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes," U.S.S.G. § 4A1.3, the court may depart upward. Application note 8 to U.S.S.G. § 4A1.2 provides that a court may depart upward based on an ancient offense—*i.e.*, an offense over fifteen years old—"*[i]f* the court *finds* that [the ancient offense] ... is evidence of *similar*, or *serious dissimilar*, criminal conduct." U.S.S.G. § 4A1.2, application n. 8 (emphasis added).

---

1. These ten convictions included two counts of burglary in the second degree in February 1969, two counts of petit larceny in February 1972, three counts of burglary in January 1973, and fraudulent breach of trust and two counts of forgery and uttering in October 1973.

In *Gardner,* 905 F.2d at 1435, we upheld the district court's upward departure from the applicable criminal history category based on the defendant's fifteen-year-old armed robbery and bank robbery convictions. In departing upward, the district court had specifically found that "[the prior convictions] are so *similar in nature* to the present offense ... that I think they should be considered when the Court imposes sentence." *Id.* (emphasis added). In upholding the district court's decision to depart upward, we emphasized the need for the district court's clear articulation of its reasons before we could review the departure decision. *Id.* (*citing United States v. White,* 893 F.2d 276, 277–78 (10th Cir.1990)).

▮ In the instant case, unlike in *Gardner,* the district court failed to sufficiently articulate its reasons for departing upward. The record indicates the court departed upward based upon Defendant's ten uncounted convictions. However, the court explained that it considered the convictions to be "related cases" under U.S.S.G. § 4A1.2(a)(2), which is clearly not the case. *See* U.S.S.G. § 4A1.2, application n. 3 ("[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest."). Moreover, the district court failed to specifically find that Defendant's ten uncounted convictions were evidence of "similar" or "serious dissimilar" criminal conduct. *See* U.S.S.G. § 4A1.2, application n. 8. Because the court failed to make such findings, and because the court's reasoning is not apparent from the record, we cannot adequately review the court's decision to depart.

We therefore REMAND the case to the district court for further findings in accordance with this opinion.