F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

PEIRRI B. LEONARD, also known as
Larry Smith,

      Defendant - Appellant.

No. 01-6398
D.C. No. 01-CR-107-R
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **BALDOCK**, and **KELLY**, Circuit Judges.[**]

---

      Defendant-Appellant Peirri B. Leonard pleaded guilty to 20 counts of

making, uttering, and possessing counterfeit securities in violation of 18 U.S.C.

§513(a). At Mr. Leonard's sentencing hearing, the district court found that the

criminal history category assessed to Mr. Leonard did not adequately reflect the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

seriousness of his past criminal conduct. Accordingly, the district court departed upward one criminal history category and sentenced Mr. Leonard to a term of 57 months imprisonment. Mr. Leonard thereafter brought this appeal challenging the departure. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The presentence report ("PSR") prepared following Mr. Leonard's guilty plea set his adjusted base offense level at sixteen. The PSR further assessed Mr. Leonard twelve criminal history points, yielding a criminal history category of five. Based on the foregoing, the PSR determined Mr. Leonard's sentencing range to be between 41-51 months. Although Mr. Leonard had 18 prior adult convictions, at least half were not included in the PSR's criminal history category computation. Six of these prior convictions were not counted due to their age. See U.S.S.G. § 4A1.2(e)(3). Similarly, three prior convictions were not counted due to the four-point limit on counting one-point convictions contained in U.S.S.G § 4A1.1(c).

The PSR further concluded that Mr. Leonard's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood of recidivism and that an upward departure from the applicable guideline range might therefore be warranted. Mr. Leonard objected to the factors cited in support of a departure, arguing that the criminal history category

computation adequately considered all of his past criminal conduct.   Mr. Leonard did not object to the factual determinations contained in the PSR.

At sentencing, the district court ruled that an upward departure from category five to category six was warranted.  Adopting the factual findings and sentencing guideline application contained in the PSR, the court concluded that Mr. Leonard's criminal history category did not adequately reflect the seriousness of his past criminal history on two grounds.  First, the court observed that several of Mr. Leonard's prior convictions were not counted due to age, stating that "if we just gave one point to each of those, that would be one, two, three, four, five , six, seven, eight–that would be eight additional points...."[1]  Rec. Vol. 2 at 6.  Second, the court noted that some of Mr. Leonard's one-point convictions were not counted due to the four-point cap on one-point convictions contained in U.S.S.G. § 4A1.1(c).[2]  In light of the foregoing, the court stated that:

> In any event, either of those would easily take the defendant into Category 6 as opposed to Category 5 and that is going to be the basis of my departure.  I think it would be up in the twenties, point-wise, counting both the zeros and the ones, and under either theory he

---

[1]     Our review of the PSR indicates that only six convictions were excluded from the criminal history computation due to their age.  However, because the district court's decision to depart did not hinge on the court's belief that Mr. Leonard had eight rather than six such convictions, we find that the district court's miscalculation at the sentencing hearing was harmless.

[2]     The PSR determined that Mr. Leonard had seven one-point convictions.  Because of the four-point limitation, however, only four of these convictions were used in calculating Mr. Leonard's criminal history category.

would go into a category 6, and certainly with both of them being considered, he's in a Category 6, and if there was a Category 7, I would go to a Category 7.[3]

Rec. Vol. 2 at 7.

We review departures from the sentencing guidelines under a unitary abuse of discretion standard.  See United States v. Hannah, 268 F.3d 937, 940 (10th Cir. 2001) (citations omitted).  Moreover, in evaluating an upward departure for an abuse of discretion, we are guided by the principle that "[a] district court by definition abuses its discretion when it makes an error of law."  Koon v. United States, 518 U.S. 81, 100 (1996).  In determining whether a district court's decision to depart constitutes an abuse of discretion, we must evaluate:

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable.

United States v. Concha, 294 F.3d 1248, 1251 (10th Cir. 2002) (quoting United States v. Hannah, 268 F.3d 937, 940 (10th Cir. 2001)).

Mr. Leonard argues that the district court abused its discretion both

---

[3]     As noted above, the PSR assessed Mr. Leonard twelve criminal history points based on his prior convictions.  Significantly, the assessment of a single additional point would have resulted in his assignment into criminal history category six.  See United States Sentencing Commission, Guidelines Manual, Sentencing Table (Nov. 2000).

- 4 -

because his criminal history did not remove him from the applicable guideline heartland, and because the record does not sufficiently support the factual basis for the court's departure. Specifically, Mr. Leonard contends that in deciding to depart from the applicable guideline range, the court erroneously relied on: (1) the six convictions not counted in the criminal history category computation due to their age (the "zero-point convictions"), and (2) the three convictions not counted due to the four point cap imposed in U.S.S.G. § 4A1.1(c) (the "one-point convictions"). Second, Mr. Leonard claims for the first time on appeal that the government's failure to plead and prove beyond a reasonable doubt certain factors that increased the applicable sentencing guideline range violated the principle recently articulated by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000).

We first address Mr. Leonard's contention that the district court abused its discretion in basing its decision to depart on his three one-point convictions not counted due to the four-point cap of U.S.S.G. § 4A1.1(c). Mr. Leonard specifically claims that the court should not have taken the excess one-point convictions into account because at least four of his one-point convictions were minor in nature, and thus would not have received any points at all were it not for the lengths of the sentences imposed. We

find this argument without merit.

Section 4A1.3(a) does not condition the consideration of uncounted one-point convictions on a showing that such convictions are more than minor, or "serious." See, e.g., United States v. Herr, 202 F.3d 1014, 1016 (8th Cir. 2000) (upholding district court's upward departure based on defendant's uncounted prior convictions, notwithstanding minor nature of several of the prior convictions). On the contrary, U.S.S.G. § 4A1.3(a) expressly permits district courts to consider "prior sentence(s) not used in computing the criminal history category" in determining whether a departure is warranted. The guidelines, therefore, plainly contemplate that a defendant's criminal history category may be increased based on the district court's consideration of convictions not counted due to the four point limitation of Section 4A1.1(c). Accordingly, we find that the district court did not abuse its discretion in relying on the uncounted one-point convictions in deciding to depart from the applicable guideline range.

Mr. Leonard further argues that consideration of these convictions was improper because neither the guidelines nor the commentary creates an exception to the four-point cap on using one-point convictions in the criminal history category computation. We disagree. Although no express exception permits counting one-point convictions beyond the four-point

limit, the absence of such an exception in no way restricts the district court's discretion to depart from an applicable guideline range under U.S.S.G. § 4A1.3(a). We agree with the Fourth Circuit, which has specifically held that although § 4A1.1(c) clearly limits the amount of one-point convictions that can be used to arrive at the original criminal history category, the section "does not restrict a district court's ability to consider these convictions in departing upward under § 4A1.3." United States v. Wilson, 913 F.2d 136, 139 (4th Cir. 1990). We therefore conclude that the district court did not abuse its discretion by basing its decision to depart on Mr. Leonard's uncounted one-point convictions.

Mr. Leonard further argues that the district court abused its discretion by basing its departure decision in part on his prior convictions not counted in the criminal history category computation due to their age. Specifically, Mr. Leonard claims that because the district court did not determine whether these convictions constituted evidence of "similar or serious dissimilar, criminal conduct," U.S.S.G. § 4A1.2, comment (n.8), the district court "abused its discretion in finding that the zero-point convictions were sufficient to remove Mr. Leonard's case from the heartland of the guidelines...." Aplt. Br. at 14.

Mr. Leonard correctly points out that convictions not considered in

the criminal history category computation due to age may be considered in the departure determination only "if the court finds that a sentence imposed outside [the specified] time period is evidence of similar, or serious dissimilar, criminal conduct...." U.S.S.G. § 4A1.2, comment. (n.8). Moreover, the record reveals that neither the district court nor the PSR adopted by the district court made any express findings regarding either the similarity or seriousness of the zero-point convictions. This court has held that a remand for further findings was necessary where the district court relied exclusively on convictions more than 15 years old as a basis for departure, without expressly determining whether those convictions were either similar or serious. See United States v. Gentry, 31 F.3d 1039, 1041 (10th Cir. 1994). Nevertheless, we hold that under the framework for analyzing upward departures articulated by the Supreme Court in Koon v. United States, 518, U.S. 81 (1996), we need not disturb the sentence imposed by the district court in the current action.

In Koon, the Supreme Court held that where a district court's departure from the sentencing guidelines is based on both valid and invalid factors, "a remand is required unless [the reviewing court] determines that the district court would have imposed the same sentence absent reliance on the invalid factors." Id. at 113 (citing Williams v. United States, 503 U.S.

193, 203 (1992)). Consequently, even if none of the uncounted zero-point convictions could reasonably be characterized as "similar" to the instant offense or "serious," we would nonetheless hold that the district court did not abuse its discretion in deciding to depart upward from the applicable guideline range. Unlike in <u>Gentry</u>, the district court in the instant case did not rely exclusively on the uncounted zero-point convictions in deciding that a departure was warranted. Referring to the zero-point *and* the one-point convictions, the district court stated that "[i]n any event, either of those would easily take the defendant into Category 6 as opposed to Category 5...*under either theory he would go into a [C]ategory 6....*" Rec. Vol. 2 at 7 (emphasis added).

Furthermore, as the discussion above makes clear, the district court did not err in relying on Mr. Leonard's uncounted one-point convictions as a basis for departing from the guideline range. Therefore, the district court's departure clearly rested on at least one permissible departure factor. We are satisfied that the district court would have imposed the same sentence even without considering Mr. Leonard's uncounted older convictions.

Mr. Leonard's final claim on appeal is that various factors used in setting his base offense level that increased the applicable guideline range should have been pleaded and proved beyond a reasonable doubt in light of

Apprendi v. New Jersey.  In evaluating this claim, we note first that Mr. Leonard raises this argument for the first time on appeal.  Consequently, we review this claim under a plain error standard of review.  See United States v. Avery, 295 F.3d 1158, 1181-1182 (10th Cir. 2002) (citations omitted). To prevail under this standard, Mr. Leonard must establish that there was "(1) an error; (2) that is plain or obvious; (3) [that] affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Cernobyl, 255 F.3d 1215 (10th Cir. 2001) (internal quotations omitted).

In Apprendi, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.  However, as recognized by Mr. Leonard, this court has repeatedly held that the rule set forth in Apprendi does not apply to sentencing factors that increase the defendant's guideline range, but do not result in a sentence that exceeds the applicable statutory maximum for the offense at issue.  See, e.g. United States v. Sullivan, 255 F.3d 1256, 1265 (10th Cir. 2001); United States v. Monroe, 259 F.3d 1220, 1226 (10th Cir. 2001).  The district court sentenced Mr. Leonard to a term of imprisonment of four years and nine months.

Under 18 U.S.C. § 513(a), the statutory maximum sentence for each offense to which Mr. Leonard pleaded guilty was ten years. We therefore reject Mr. Leonard's argument that his sentence runs afoul of the rule announced in Apprendi.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge