IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-21073

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ADOLFO ALVARADO-HERRERA,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(H-01-473)

November 18, 2002

Before EMILIO M. GARZA and CLEMENT, Circuit Judges, and HUDSPETH, District Judge.[*]

PER CURIAM:[**]

Appellant, convicted of illegal reentry after deportation, asserts that the district court improperly considered remote prior convictions in sentencing him beyond the otherwise applicable sentencing range. Finding no abuse of discretion, we affirm.

I. FACTS AND PROCEEDINGS

---

[*]District judge for the Western District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Appellant Adolfo Alvarado-Herrera, a Mexican citizen, pleaded guilty to being found in the United States after having been deported subsequent to an aggravated felony conviction. *See* 8 U.S.C. § 1326(a), (b)(2) (1999). The pre-sentence report ("PSR") concluded that appellant's offense level was 21, and that he had 19 criminal history points, or a criminal history category ("CHC") of VI. The district court increased the offense level to 24, *see* U.S. SENTENCING GUIDELINES MANUAL § 4A1.3 (2001) ("U.S.S.G."), and imposed the maximum sentence of 125 months, instead of the otherwise applicable range of 77- 96 months.

In a written statement of reasons, the district court found that "the defendant's criminal history category of VI did not adequately represent the seriousness of the defendant's past criminal conduct or the likelihood of future criminal activity," and that "This range was deemed warranted due to the leniency of the defendant's previous sentences."

CHC VI, the highest category, covers any defendant with a criminal history score above 13. Considering appellant's score of 19, the district court noted at appellant's sentencing: "[I]f we created a hypothetical Criminal History Category 7, or 8 or 9, he would wind up at least in 8." The court also pointed out that appellant had five convictions that were not even taken into account in the score of 19 because they were too old: "Some of those may be considered as not significant. Some of them are clearly significant."

The first uncounted conviction occurred in 1985 when appellant, then 17, received 15 days in jail for gun possession. During the arrest, another suspect kicked a police officer in the throat and a second officer broke his finger attempting to detain the suspect. Appellant received a 30-day sentence for criminal mischief in 1987; a 5-month sentence in 1988 for attempted burglary of a motor vehicle; a 10-day sentence for gun possession in 1989, and a 30-day sentence for evading arrest in 1991. As

the district court pointed out, "No criminal history points were counted for any of those five convictions."

In 1991, appellant received a 60-day sentence for marijuana possession, and in a separate incident, a 4-year sentence for cocaine possession. The district court pointed out that the facts underlying the cocaine possession conviction suggested that appellant was actually selling cocaine.

Apparently not having served his full sentence for his cocaine possession conviction, appellant pleaded no contest to an aggravated assault with a deadly weapon in 1992. Appellant stabbed the victim in the chest and abdomen with a pocket knife after the victim had refused to sell appellant drugs.

In 1993, appellant pleaded guilty to possessing crack cocaine and received a 5-year sentence. Again, apparently not having served the full term for that conviction, appellant pleaded guilty in 1995 to yet another cocaine possession charge, and was sentenced to 2 years in state jail, probated for five years. The district court expressed astonishment that this conviction could result in a probated sentence, considering appellant's lengthy record.[1]

Appellant was convicted of three more drug-related offenses in 1998, including one for selling methamphetamine, and in 2001, appellant received 25 days in jail for running two vehicles off the road and fleeing the scene.

After reviewing appellant's criminal history, the district court stated:

I conclude that because he has five uncounted offenses and that because he received far too lenient a sentence in 1995 for possessing cocaine, that realistically he has 27 or 28 true criminal history category points, and then I'm going to. . . create a hypothetical Criminal

---

[1]Had appellant's 1995 cocaine possession sentence not been probated, appellant would have received 3 points for the conviction (instead of 1), for a total of 21 (instead of 19). § 4A1.1(a), (c).

3

History Category 9. . . I'm going to follow the Fifth Circuit's suggested methodology and move him. . . from Offense Level 21 to Offense Level 25[2] and depart upward and move him from a 77- to 96-month range to a 100- to 125-month range.

This man needs to be removed from polite society. He is a menace to society. He's been in and out of jail. He's sho wn absolutely no indication that he will either remain out of this country after he's deported or that he will refrain from drug dealing and violent crime when he's not in jail.

## II. STANDARD OF REVIEW

Before addressing the merits of this case, we must decide a threshold disagreement between the parties as to the standard of review. Although upward departures are normally reviewed for abuse of discretion, *see United States v. Alford*, 142 F.3d 825, 830 (5th Cir. 1998), an objection not raised below is only reviewed for plain error. *Id.* (citing FED R. CRIM. P. 52(b)). The parties dispute whether defense counsel's statement to the district court was sufficient to preserve the issue:

Your honor, with my objection to the upward departure, let me explain the way I would think that the departure should be done.

He has 19 criminal history points as reported i n the PSR. The age of the other ones made them negated where there were zero or somebody didn't have an attorney present and he waived the right to counsel, which those should not be counted against him, so would a legitimate 19 criminal history points. [sic]

I ask the Court not to depart to the level of, I believe you said a 100 to a 125.

(Emphasis added).

The government reads the statement "those should not be counted" to mean only that defense counsel would not have counted the stale convictions in calculating the criminal history score, not as an objection to the stale convictions as a basis for upward departure. We disagree.

"A party must raise a claim of error with the district court in such a manner so that the district

_____

[2] The district court meant to say offense level 24, not 25. Offense level 24 and CHC VI correspond to the 100-125 month imprisonment range.

4

court may correct itself and thus, obviate the need for our review." *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994). An objection that is "nebulous" and unhelpful to the trial court will not suffice to preserve an error for appeal. *See United States v. Spiegal*, 604 F.2d 961, 970 (5th Cir. 1979) (applying plain error review where counsel's objection to a 54-page jury charge failed to specify which portion of the jury charge was objectionable). However, so long as an objection "alert[s] the district court to the issue before it," we have held that a party need not specify the subsection of the Sentencing Guidelines which provided the basis for the objection. *United States v. Hernandez*, 64 F.3d 179, 181 (5th Cir. 1995).

The sentencing hearing addressed only the issue of upward departure; there was no dispute as to the proper method of computing the criminal history score. The government's parsing of the statement is unpersuasive when read in this context, especially because defense counsel mentions the departure in the final quoted sentence. We conclude that counsel's statement was sufficient to alert the district court to the issue, and that the objection—though not as thorough or clear as appellant's argument on appeal—was preserved.

We review properly preserved challenges to upward departures for abuse of discretion, and "we will affirm an upward departure if (1) the court gives acceptable reasons for departing and (2) the extent of the departure is reasonable." *United States v. Route*, 104 F.3d 59, 64 (5th Cir. 1997). However, "whether a factor is a permissible basis for departure under any circumstances is a question of law, and the court of appeals need not defer to the district court's resolution of the point." *Koon v. United States*, 518 U.S. 81, 100 (1996).

### III. ANALYSIS

Under § 4A1.3, a sentencing court may depart from the guideline imprisonment range "[i]f reliable

5

information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." Such information may include "prior sentence(s) not used in computing the criminal history category." § 4A1.3(a). Appellant's first five convictions were not counted in his criminal history score because they were more than 10 years old, *see* § 4A1.2(e)(2), and under Note 8 to § 4A1.2, they may be considered relevant for upwardly departing under § 4A1.3 "if the court finds that a sentence imposed outside this time period is evidence of [1] similar, or [2] serious, dissimilar, criminal conduct."

Appellant, citing *United States v. Gentry*, 31 F.3d 1039, 1041 (10th Cir. 1994), argues that a sentencing court may not consider stale convictions unless it specifically makes findings that the stale convictions are either similar, or serious and dissimilar. Appellant also argues that the five stale convictions were neither similar (none relate to deportation), nor serious. The highest sentence of the five convictions was five months, and the other four resulted in sentences of 30 days or fewer. Four were misdemeanors, and the only felony conviction, the burglary, has since been downgraded to a Class A misdemeanor. *See* TEXAS PENAL CODE § 30.04(d) (Vernon Supp. 2002).

Appellant is correct that stale prior convictions for dissimilar, non-serious conduct would, taken alone, constitute an invalid basis for departure. *See* U.S.S.G. § 4A1.2 application n.8. However, the record demonstrates that the district court discussed the stale prior convictions only as part of a broader, and perfectly permissible, basis for departure—that appellant's presumptive guideline range failed to capture his likelihood of recidivism.[3]

---

[3]We recognize that, to a certain extent, the Guidelines' exclusion of stale prior convictions expresses a judgment that those convictions are poor indicators of recidivism. However, after reviewing the record, we conclude that the district court did not consider those convictions

The court stated, "He's been in and out of jail. He's shown absolutely no indication that he will either remain out of this country after he's deported or that he will refrain from drug dealing and violent crime when he's not in jail." Later, the court stated that the defendant's prior sentences "ha[ve] had no deterrent effect on this man. He comes back to this country. He continues to commit violent crimes and drug crimes."

The background note to §4A1.3 states that the CHC is unlikely to fully capture the risk of recidivism "*particularly*. . . in the case of younger defendants (e.g., defendants in their early twenties or younger) who are more likely to have received repeated lenient treatment, yet who may actually pose a greater risk of serious recidivism than older defendants." (Emphasis added). The Ninth Circuit has held that departure is justified "purely on the basis of Defendant's likelihood of recidivism." *United States v. Connelly*, 156 F.3d 978, 985 (9th Cir. 1998). To assess the likelihood of recidivism, the *Connelly* court looked to "1) the quantity (or 'repetitiveness') of uncounted criminal conduct, 2) the similarity of uncounted criminal conduct to the offense conduct, and 3) the degree to which the defendant has been deterred by prior sentences." *Id*.

The record shows that appellant began collecting convictions at a young age, and that those convictions, almost all involving drugs or weapons, only became more serious with time. Appellant has been convicted 14 times between the ages of 17 and 33. Nine of those convictions involved drugs and three involved weapons. He has progressed from marijuana possession (1991), to cocaine possession (1991, 1993 and 1995), to *selling* methamphetamine (1998); and, from criminal mischief (1987) and gun possession (1989) to aggravated assault with a deadly weapon (1992). In short,

---

standing alone. Rather, the court looked at the stale prior convictions insofar as they fit into a larger pattern of appellant's criminal history becoming more serious and frequent.

appellant's criminal history, taken as whole, supports the district court's conclusion that his prior sentences have "had no deterrent effect."

Implicit in the district court's discussion is a finding that appellant is much more likely a recidivist than a typical defendant in CHC VI, and accordingly, we find no abuse of discretion.

## IV. CONSTITUTIONALITY OF § 1326

Finally, appellant argues the sentencing provision of 8 U.S.C. § 1326 is unconstitutional because it permits a judge to determine by a preponderance of the evidence whether a defendant has been convicted of a prior felony, instead of requiring a jury to decide the issue beyond a reasonable doubt. Appellant concedes his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and we agree.

## V. CONCLUSION

Because we conclude that the district court did not abuse its discretion in sentencing appellant, and because appellant's constitutional challenge to the sentencing statute is foreclosed, the judgment of the district court is affirmed.