F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PIERRI B. LEONARD, also known as
Larry Smith,

    Defendant - Appellant.

No. 03-6234
(D.C. Nos. 03-CV-761-R
and 01-CR-107-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

---

Defendant-Appellant Pierri B. Leonard appeals from the district court's

denial of his 28 U.S.C. § 2255 motion based upon ineffective assistance of

counsel at his sentencing hearing. The district court granted a certificate of

appealability ("COA") on three issues: (1) whether the district court should have

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

held an evidentiary hearing to determine whether the evidence Mr. Leonard wanted his counsel to present at sentencing was material, (2) whether counsel provided ineffective assistance by not introducing evidence that statements in the presentence investigation report ("PSR") attributed to a codefendant were disputed; and (3) whether Mr. Leonard was prejudiced by the alleged ineffective assistance. R. Doc. 155 at 3, 158. Mr. Leonard renews his request for a COA on the four-level role in the offense adjustment he received and whether a codefendant who implicated him was credible. R. Doc. 155 at 3. We affirm the district court's denial of the § 2255 motion and decline to grant a COA on the remaining issues.

## Background

Mr. Leonard pleaded guilty to 20 counts of making, uttering, and possessing counterfeit securities in violation of 18 U.S.C. § 513(a), based upon a scheme where he purchased travelers checks, duplicated them and provided or sold them to others. At his sentencing hearing, the district court found that the criminal history category assessed to Mr. Leonard did not adequately reflect the seriousness of his past criminal conduct. Accordingly, the district court departed upward one criminal history category and sentenced Mr. Leonard to a term of 57 months imprisonment. Mr. Leonard thereafter appealed challenging the

departure. We affirmed. <u>United States v. Leonard</u>, No. 01-6398, 2002 WL 31516890 (10th Cir. Nov. 13, 2002).

In this appeal from the denial of his § 2255 motion, Mr. Leonard contends that the amount of the loss occasioned by his scheme was a little over $10,000, not $165,500 as indicated by the PSR. He contends that his base offense level should have been increased only three levels, U.S.S.G. § 2F1.1(b)(1)(D), rather than the seven levels, U.S.S.G. § 2F1.1(b)(1)(H). He disputes those paragraphs in the PSR that detail how the scheme worked, R. Doc. 149, Ex. I at 6-7, including allegations that he produced and sold counterfeit travelers checks in locales other than Oklahoma City.

The PSR calculated the $165,500 loss based upon four genuine travelers checks found in a codefendant's motel room, aligned and configured as a template in preparation for reproduction, and a paper cutter. R. Doc. 149, Ex. I at 6, ¶¶ 12-13. Counterfeit travelers checks (1,655 in $100 denominations) bearing the same four serial numbers were negotiated across the United States. <u>Id.</u> ¶ 13.

The only specific evidence that Mr. Leonard offers to counter the loss determination was that he purchased $10,000 of travelers checks in Los Angeles by borrowing money on jewelry and other property. At the change of plea hearing, Mr. Leonard admitted that he acted in concert with his codefendants and that he purchased not only counterfeit travelers checks, but also the originals. II

R. S. 9.  Although he now disputes that he is responsible for any amount of loss beyond that occasioned by the transactions in the indictment, he acknowledges, as he must, that a codefendant implicated him in producing and selling counterfeit travelers checks elsewhere.  R. Doc. 144 at 5; see also R. Doc. 149, Ex. II at 2. He claims her testimony is incredible as an attempt to reduce her exposure.  R. Doc. 144 at 5.  He also points to an affidavit dated June 6, 2001, supporting the criminal complaint, wherein the secret service agent stated that the codefendant denied any knowledge of travelers checks.  R. Doc. 1, Aff. at ¶ 25; see also R. Doc. 149, Ex. I at 5, ¶ 10.  However, a later report by the secret service agent based upon an interview of the codefendant (August 3, 2001), contains the incriminating information.  Mr. Leonard argues that the two accounts of the codefendant's statements are inconsistent and the sworn affidavit should trump the later report.

The district court held that Mr. Leonard could not show prejudice because he had failed to allege facts or submit evidence that the challenged facts in the PSR were in error, or that the sentence is incorrect.[1]  In determining the amount of a loss, several well-established principles guide a court.  The government bears the burden of proof by a preponderance of the evidence, but hearsay with minimal

---

[1]  After the district court ruled on his motion, the Mr. Leonard filed a supplemental response that was sworn.  R. Doc. 153.  Nothing in that pleading overcomes the deficiencies identified by the district court.

indicia of reliability may support the district court's finding which is reviewed only for clear error. United States v. Moore, 55 F.3d 1500, 1501 (10th Cir. 1995). The amount of the loss caused by a defendant's conduct need only be a reasonable estimate, and when it comes to jointly undertaken criminal activity, a defendant is responsible (as relevant conduct) for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B); United States v. Osborne, 332 F.3d 1307, 1313 (10th Cir. 2003).

We agree with the district court that we lack specific, particularized facts supporting Mr. Leonard's contention that the factual findings in the PSR are incorrect. The PSR acknowledged that the codefendant who implicated him originally denied participation. The pressures attendant to the statements attributed to her are speculative. Counsel's decision not to challenge the PSR's calculation of the loss are within the range of professional competence. An evidentiary hearing was not required; thus, the district court did not abuse its discretion in declining to hold one. There was not ineffective assistance of counsel.

AFFIRMED. We DENY a COA on the remaining issues for lack of a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel,

529 U.S. 473, 484 (2000).  All pending motions are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge