United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-41190
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE AMILPAS-WENCES, also known as
Oliver Amilpas-Benitez, also known as
Elidoro Amilpas-Benitez,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(M-03-CR-454-1)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Amilpas Wences appeals his conviction and sentence for attempted illegal entry. Consistent with a suggestion in the presentence investigation report, the district court departed upward for the sentence; Amilpas' criminal history score was raised by one point, from 3 (category II) to 4 (category III). The court did so, in part, because of two misdemeanor convictions not included in Amilpas' criminal history score because he was under 18 and they occurred more than five years prior to the attempted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentry.  *See* U.S.S.G. § 4A1.2(d)(2)(B).  With a criminal history category II, the guideline range would have been 15-21 months; with a category III, it was 18-24 months.  *See* U.S.S.G. Manual Ch. 5 Pt. A (Sentencing Table).  Amilpas was sentenced, *inter alia*, to 24 months' imprisonment.

Amilpas raises three bases for challenging the upward departure.  At sentencing, however, he simply objected to any upward departure.  Because he did not object on the basis of any of the bases he raises now, we review each basis only for plain error.  When we review upward departures for plain error, we affirm the sentence if, *inter alia*, "on remand the district court could reinstate the same sentence by relying on a reasonable application of the Sentencing Guidelines".  **United States v. Wheeler**, 322 F.3d 823, 828 (5th Cir. 2003) (quoting **United States v. Ravitch**, 128 F.3d 865, 871 (5th Cir. 1997)).  He also raises two issues unrelated to the upward departure; both are foreclosed.

Citing **United States v. Gentry**, 31 F.3d 1039, 1041 (10th Cir. 1994), *cert. denied*, 516 U.S. 1001 (1995), Amilpas contends a sentencing court may not consider stale convictions unless it specifically makes findings that such convictions are either similar or serious and dissimilar.  The district court met any requirements of specificity under Guidelines § 4A1.3 when it said it "believe[d] that ... Amilpas'[] criminal history under

2

represents the seriousness of his past criminal conduct ... and the likelihood that he will commit future crimes".

Amilpas also contends that the two stale convictions were neither similar nor serious. Amilpas is correct that stale prior convictions for dissimilar, non-serious conduct would, taken alone, constitute an invalid basis for departure. *See* U.S.S.G. § 4A1.2, comment. (n.8). The Sentencing Guidelines do not define "serious" crimes; "serious" is not a legal category generally used to distinguish between different types of crimes, and our court has never addressed what constitutes "serious dissimilar" conduct. In the absence of any precedent or other guidance, the district court did not commit plain ("clear" or "obvious") error. Furthermore, the district court discussed the stale prior convictions only as part of a broader, permissible basis for departure — that Amilpas' presumptive guideline range failed to capture his likelihood of recidivism. *See **United States v. Ashburn***, 38 F.3d 803, 807 (5th Cir. 1994) (en banc), *cert. denied*, 514 U.S. 1113 (1995).

Amilpas also contends that, even if the departure was justified, its extent was unreasonable. The district court departed upward by one criminal history point and imposed a sentence three months longer than the maximum Amilpas faced without the departure. There was no plain error.

Amilpas contends for the first time on appeal that a prior state felony conviction for simple possession is not a drug

trafficking crime and not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) or U.S.S.G. § 2L1.2(b)(1)(C).  He concedes that his argument is foreclosed by our precedent, citing *United States v. Rivera*, 265 F.3d 310, 312-13 (5th Cir. 2001), *cert. denied*, 534 U.S. 1146 (2002), and *United States v. Hinojosa-Lopez*, 130 F.3d 691, 693-94 (5th Cir. 1997).

Amilpas concedes that whether the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1)&(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); he raises it solely to preserve possible review by the Supreme Court.

*AFFIRMED*