**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 04-6197 |
| v. | (W. D. of Okla.) |
| PEIRRI B. LEONARD, also known as Larry Smith, | (D.C. No. CR-01-107-R) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT** *

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

Defendant-Appellant Peirri B. Leonard files this appeal, his fourth in this court, asking us to review the district court's denial of his motion to review his sentence. Finding that we lack jurisdiction, we dismiss the appeal.

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. BACKGROUND

Leonard pleaded guilty to 20 counts of making, uttering, and possessing counterfeit securities in violation of 18 U.S.C. § 513(a) (2000). At sentencing, the district court departed upward one criminal history category based on Leonard's long history of prior convictions. Leonard appealed his enhanced sentence, and we affirmed. *United States v. Leonard*, No. 01-6398, 2002 WL 31516890 (10th Cir. Nov. 13, 2002), *cert denied*, 537 U.S. 1240 (2003). Leonard then appealed the district court's denial of his 28 U.S.C. § 2255 motion based on ineffective assistance of counsel, and we denied Leonard a certificate of appealability. *United States v. Leonard*, No. 03-6234, 2003 WL 22977654 (10th Cir. Dec. 19, 2003). Leonard next filed a motion for authorization to file a second or successive § 2255 motion, alleging that his sentence was improperly enhanced under the sentencing guidelines. We denied Leonard's motion. *Leonard v. United States*, 383 F.3d 1146 (10th Cir. 2004). Finally, Leonard filed a motion in the district court for review of his sentence under 18 U.S.C. §§ 3742(a) (2000) and 3582(b) (2000). On May 27, 2004, the district court denied the motion, and this appeal followed.

## II.  ANALYSIS

By its terms, § 3742(a) does not grant jurisdiction to a district court to review a final sentence.[1] *See United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993).  This section merely permits a defendant to file a notice of appeal in the district court for review of a final sentence.  Once a notice of appeal has been filed, the district court's only role is to certify the record to the court of appeals. 18 U.S.C. § 3742(d).[2]  Similarly, § 3582(b) does not grant jurisdiction to a district

---

[1] Section 3742(a) provides in pertinent part:

**(a) Appeal by a defendant**.–A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence–

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; . . .

[2] Section 3742(d) provides:

**(d) Record on review**.–If a notice of appeal is filed in the district court pursuant to subsection (a) or (b), the clerk shall certify to the court of appeals–

(1) that portion of the record in the case that is designated as pertinent by either of the parties;

(2) the presentence report; and

(3) the information submitted during the sentencing proceeding.

court to review a sentence. This section merely defines "final judgment." [3] As the Eighth Circuit has noted, § 3582(b) "does not grant jurisdiction to a district court to do anything, let alone correct an illegal sentence." *Auman*, 8 F.3d at 1271. The district court therefore did not have jurisdiction to consider the merits of Leonard's motion for review of sentence under § 3742(a) or § 3582(b). It is well settled that "[a]n appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). Thus, because the district court did not have jurisdiction to consider Leonard's motion, we likewise have no jurisdiction to entertain this appeal.

Nevertheless, Leonard urges us to treat his motion as a properly filed notice of appeal under § 3742(a). Although we construe pro se pleadings liberally, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), the

---

[3] Section 3582(b) provides in pertinent part:

**(b) Effect of finality of judgment**.–Notwithstanding the fact that a sentence to imprisonment can subsequently be–

\* \* \*

(2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; . . .

a judgment of conviction that includes a sentence constitutes a final judgment for all other purposes.

circumstances of this case do not justify such treatment. Leonard has already challenged his sentence under § 3742(a) on direct appeal, and we denied him any relief. *Leonard*, 2002 WL 31516890. Leonard's arguments for relief in the instant appeal are largely identical to his arguments on direct appeal, and we decline to give Leonard another bite at the same apple.

The only appreciable difference between Leonard's direct appeal and the instant appeal is his argument based on *Blakely v. Washington*, — U.S. —, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004). According to Leonard, the district court improperly enhanced his sentence based on his leadership role and prior convictions. New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). Leonard exhausted his direct appeal and his case was "final" prior to the Supreme Court's decision in *Blakely*. *See id.*, 479 U.S. at 321 n.6 (a case is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"). Thus, *Blakely,* as well as the Supreme Court's more recent decision in *United States v. Booker*, — S. Ct. —, 2005 WL 50108 (Jan. 12, 2005), have no applicability to Leonard's sentence.

### III. CONCLUSION

Because we find that the district court had no jurisdiction under 18 U.S.C.

§§ 3742(a) or 3582(b), we DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge