**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 2004**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

PEIRRI B. LEONARD,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

No. 04-6198

---

ORDER

---

Before **TACHA,** Chief Circuit Judge, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

**PER CURIAM**.

      Peirri Leonard seeks authorization under the Antiterrorism and Effective Death Penalty Act (AEDPA) to file a second or successive 28 U.S.C. § 2255 motion. Relying on the Supreme Court decision in *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), Mr. Leonard contends that his sentence was improperly enhanced under the Federal Sentencing Guidelines. For the reasons outlined below, the motion for authorization is denied.

Mr. Leonard pleaded guilty to twenty counts of making, uttering, and possessing counterfeit securities in violation of 18 U.S.C. §§ 513(a) and 2. The district court departed upward one criminal history category upon finding that the category assessed did not adequately reflect the seriousness of his past criminal conduct. He was sentenced to 57 months on each count, to run concurrently. On appeal, this court affirmed. *See United States v. Leonard*, No. 01-6398 (10th Cir. Nov. 13, 2002) (unpublished), *cert. denied*, 537 U.S. 1240 (2003).

In 2003, he filed his first § 2255 motion under the AEDPA, setting forth claims challenging the district court's determination of the amount of loss, and claims based on ineffective assistance of counsel. The § 2255 motion was denied. The district court, however, did grant a certificate of appealability as to his ineffective assistance claims. On appeal, this court affirmed the district court, and denied Leonard's request for a certificate of appealability as to his other claims. *See United States v. Leonard*, No. 03-6234 (10th Cir. Dec. 19, 2003) (unpublished). In February 2004, he filed his first motion for authorization to file a second or successive § 2255, claiming that the district court double-counted adjustments to his base offense level, and erred in adding points to his offense level for being a leader or organizer. The motion was denied for failing to satisfy either of the AEDPA criteria in § 2255. *See Leonard v. United States*, No. 04-6013 (10th Cir. Feb. 27, 2004) (unpublished order).

In the present motion for authorization, Mr. Leonard contends the district court improperly enhanced his sentence based on his leadership role and the amount of loss occasioned by the offenses. He argues that the facts supporting his enhancements under the Federal Sentencing Guidelines were not charged in the indictment or proven to a jury beyond a reasonable doubt. He claims he is entitled to file another § 2255 motion based on the AEDPA's exception in § 2255(2) because, as he asserts, the decision in *Blakely* sets forth a new rule of constitutional law made retroactive to cases on collateral review.

In *Blakely*, a direct criminal appeal, the Supreme Court held that the State of Washington's sentencing procedures violated the defendant's constitutional right under the Sixth Amendment because facts essential to his sentence were not proven to a jury beyond a reasonable doubt or admitted by him. *See id.* 124 S.Ct. at 2537. In so holding, the Court extended the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63 (2000), that any facts, other than the fact of a prior conviction, supporting sentencing enhancements are required to be determined by a jury beyond a reasonable doubt. *See id.* 124 S.Ct. at 2536. The Court, however, did not invalidate the Federal Sentencing Guidelines or hold that *Blakely* applies to the Federal Sentencing Guidelines. *See id.* at 2538 n.9 ("[t]he Federal Guidelines are not before us, and we express no opinion on them").

Under the AEDPA, a second or successive § 2255 motion is not permitted to be filed in the district court until "the applicant [moves] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A) and 2255. The court of appeals may authorize the filing of a second or successive § 2255 motion only if a three-judge panel certifies that the motion relies on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. *See also* 28 U.S.C. § 2244(b)(3).

Upon consideration of Mr. Leonard's motion for authorization, we conclude he has not made a *prima facie* showing that satisfies the requirements of § 2255(2). *See* § 2244(b)(3)(D). "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *See Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478 , 2482 (2001); *see also Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001) (en banc) ("a rule is 'made retroactive' by the Supreme Court only if the Supreme Court actually applies the rule retroactive, or makes some explicit statement regarding retroactivity"). The Supreme Court has not expressly held that the rule announced

4

in *Blakely* is applicable to the Federal Sentencing Guidelines, nor has it held that the rule is retroactive to cases on collateral review for purposes of granting a second or successive § 2255 motion. *See Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004) (in dismissing motion for authorization, appellate court held that "[t]he Supreme Court has not made the *Blakely* rule applicable to cases on collateral review as is required for authorization under § 2244(b)(2)(A) and § 2255 ¶ 8 (2)") *; In Re Dean*, 375 F.3d 1287, 1290 (11thCir. 2004) (in denying motion for authorization, appellate court held that "[r]egardless of whether *Blakely* established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Blakely* to be retroactive to cases on collateral review").

Accordingly, Mr. Leonard's motion for authorization is **DENIED**.

Pursuant to 28 U.S.C. § 2244(b)(3)(E), the denial of a motion for authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." The matter is **DISMISSED**.