**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

JOE ANTHONY LUCERO,

    Defendant - Appellant.

No. 04-2131
(D.C. No. CIV-04-232 BB/WDS)
(D.N.M.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Joe Anthony Lucero, an inmate appearing pro se, seeks to appeal from the district court's order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After the district court denied his § 2255 motion, Mr. Lucero filed a motion to reconsider in light of the United States Supreme Court's decision in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004). The district court treated it as a second or successive § 2255 motion and transferred it to this court pursuant to 28 U.S.C. § 1631. With respect to the district court's denial of the original § 2255 motion, we determine that Mr. Lucero has not made a "substantial showing of the denial of a constitutional

right," 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), and thus deny a COA and dismiss the appeal. Furthermore, because we find that Mr. Lucero has failed to identify "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255, we deny certification to file a second or successive § 2255 motion.

On April 30, 2003, Mr. Lucero pleaded guilty to distribution of less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), use of a telephone to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b), and conspiracy to distribute various narcotics in violation of 21 U.S.C. § 846. The district court accepted the plea and on July 21, 2003, sentenced Mr. Lucero to concurrent sentences resulting in a term of 87 months imprisonment and 4 years supervised release. Mr. Lucero did not appeal his conviction or sentence.

On March 4, 2004, Mr. Lucero filed his § 2255 motion claiming that his counsel's ineffective assistance resulted in the wrongful denials of a three-point reduction for acceptance of responsibility, a downward adjustment for a minimal role in the offense, and a downward departure for his medical condition. In addition, Mr. Lucero asserted that his sentence calculation was improper owing to

a lack of independent determination of the drug quantities involved. After considering the merits, the district court dismissed Mr. Lucero's motion with prejudice and subsequently denied a COA.

On July 6, 2004, Mr. Lucero filed his motion for reconsideration more than 10 days after entry of the order dismissing the original § 2255 motion. The district court construed the motion under Federal Rule of Civil Procedure 60(b) and transferred it to this court in accord with our decision in Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998) (per curiam) (treating motions to reconsider under Rule 60(b) that raise new issues as second or successive § 2255 motions).

We turn first to the district court's dismissal of Mr. Lucero's original § 2255 motion. For this court to grant a COA, Mr. Lucero must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). That means that he must show "that reasonable jurists could debate whether (or, for that matter, agree that) his petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336 (internal quotations and citations omitted). We have carefully reviewed Mr. Lucero's brief, the district court's opinion and order, and the record on appeal. Our review persuades us that Mr. Lucero has not made such a showing. In so concluding, we note that the record unequivocally

establishes that Mr. Lucero freely entered into a plea agreement with the government establishing the quantities of narcotics involved and including a specific acknowledgment that a three-point downward reduction was not warranted. In addition, the record discloses that Mr. Lucero's counsel argued ably for a downward departure on the basis of the defendant's poor health.

We now turn to Mr. Lucero's Blakely claim. The essence of his claim is that the district court's determination that Mr. Lucero did not warrant a minimal role adjustment runs counter to the Supreme Court's decision in Blakely. In Blakely, the Court invalidated the State of Washington's sentencing scheme, whereby a judge might sentence a defendant to punishment beyond a statutory range on the basis of judicially determined facts. 124 S. Ct. at 2538. More recently, in United States v. Booker, the Court extended its holding in Blakely and invalidated parts of the federal sentencing scheme making the guidelines mandatory. ___ U.S. ___, 125 S. Ct. 738, 767 (2005).

For this court to certify a second or successive § 2255 petition, Mr. Lucero must identify "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. We have previously held that the Supreme Court's decision in Blakely was not retroactive, and thus it did not satisfy the requirements found in § 2255. Leonard v. United States, 383 F.3d 1146, 1148 (10th Cir. 2004).

The Supreme Court's intervening decision in <u>Booker</u> bears directly on Mr. Lucero's argument. Accordingly, we must determine whether the rule announced in <u>Booker</u> was made retroactive to cases on collateral review. <u>See</u> <u>Finley v. Hewlett Packard Co. Employee Benefits Org. Income Prot. Plan</u>, 379 F.3d 1168, 1173 (10th Cir. 2004) (noting that when a change in law occurs during the time a case is on appeal, we apply the law in effect at the time of our decision). "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001). We determine retroactivity by examining whether the Court has applied the rule retroactively or made explicit statements regarding its effect. <u>See</u> <u>Browning v. United States</u>, 241 F.3d 1262, 1264 (10th Cir. 2001) (en banc). <u>Booker</u> involved a direct appeal, and there is no explicit statement regarding retroactivity in the opinion. <u>See</u> 125 S. Ct. at 769 (noting that the rule announced in <u>Booker</u> would be applied to all cases on <u>direct appeal</u>); <u>see also</u> <u>In re Anderson</u>, ___ F.3d ___, 2005 WL 123923, at *3-4 (11th Cir. 2005) (holding that the rule in <u>Booker</u> is not to be applied retroactively). We hold that the rule announced in <u>Booker</u> is not retroactive. As such, it cannot serve as the basis for certification of a second or successive § 2255 motion.

Having reached these conclusions, we DENY a COA and DISMISS the appeal. Furthermore, the application for certification of a second or successive

§ 2255 motion is DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge