**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID JOHN ZABRINAS,

       Petitioner-Appellant,

v.

DAVID McKUNE; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

       Respondents-Appellees.

No. 05-3026
(District of Kansas)
(D.C. No. 03-CV-3072-JAR)

---

**ORDER**

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

      This matter is before the court on David John Zabrinas' *pro se* request for a

certificate of appealability ("COA"). Zabrinas seeks a COA so that he can appeal

the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28

U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final

order in a habeas corpus proceeding in which the detention complained of arises

out of process issued by a State court," unless the petitioner first obtains a COA).

Because Zabrinas has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Zabrinas was convicted in Kansas state court of aggravated indecent solicitation of a child in violation of Kan. Stat. Ann. § 25-3511; he was sentenced to a term of imprisonment of sixty months. After exhausting his state court remedies, Zabrinas brought the instant § 2254 petition raising the following claims: (1) because the crime charged could be committed in more than one way, the trial court erred in refusing to instruct the jury that it must unanimously agree on the act underlying the conviction; (2) the trial court erred in refusing to give a lesser included offense instruction; (3) his conviction was not supported by sufficient evidence; (4) the trial court's upward departure from the presumptive sentencing range violated the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004); and (5) his trial counsel provided constitutionally ineffective assistance in failing to object to certain statements made by the prosecutor during closing arguments. In concluding Zabrinas was not entitled to habeas relief, the district court reasoned as follows: (1) the state court's determination that no unanimity instruction was necessary because each alternative means of committing the crime was supported by substantial evidence is consistent with *Schad v. Arizona*, 501 U.S. 624 (1991); (2) failure to give a lesser included offense instruction in a non-

capital case, whether or not warranted, is not grounds for federal habeas relief, *Spears v. Mullin*, 343 F.3d 1215, 1236 (10th Cir. 2003); (3) the state court's determination that Zabrinas' conviction was sufficiently supported by the testimony of the officer recounting the statements the young victim made contemporaneously with the crime was not contrary to or an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979); (4) *Apprendi* and *Blakely* are not retroactively applicable on federal habeas review[1]; and (5) trial counsel was not ineffective for failing to raise the issue of prosecutorial misconduct with regard to the prosecutor's closing argument because the prosecutor's statements were permissible comments on the evidence presented at trial.

To be entitled to a COA, Zabrinas must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or,

---

[1]We note that in concluding that *Blakely* is not retroactively applicable on federal habeas review, the district court relied on *Tyler v. Cain*, 533 U.S. 656 (2001); *Leonard v. United States*, 383 F.3d 1146 (10th Cir. 2004); and *Browning v. United States*, 241 F.3d 1262 (10th Cir. 2001) (en banc). Each of these cases, however, deals with the standards this court employs in analyzing whether to grant an applicant permission to file a *second or successive* habeas petition or 28 U.S.C. § 2255 motion. They do not deal with the question whether *Blakely* is retroactively applicable to a *first* habeas petition, such as that in this case. In any event, this court has specifically applied the retroactivity analysis set out in *Teague v. Lane*, 489 U.S. 288 (1989) and concluded that *Blakely* is not retroactively applicable to a first habeas petition. *United States v. Price*, 400 F.3d 844 (10th Cir. 2005).

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Zabrinas has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Zabrinas need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Zabrinas' application for a COA and appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Zabrinas is not entitled to a COA. The district court's resolution of Zabrinas' § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Zabrinas' request for a COA and **DISMISSES** this appeal.

Entered for the Court
PATRICK FISHER, Clerk of Court


By
    Deputy Clerk

-4-