**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

v.

RONALD D. ALEXANDER,

Defendant-Appellant,

No. 05-3063

District of Kansas

(D.C. Nos. 04-CV-3294-MLB and
99-CR-10096-02-MLB)

**ORDER**

Before **SEYMOUR, HARTZ,** and **McCONNELL**, Circuit Judges.

Ronald Alexander, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) allowing him to appeal the denial of his petition for a writ of habeas corpus, which was filed under 28 U.S.C. § 2255. The application is **DENIED.**

Mr. Alexander was convicted of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841. Applying a two-level enhancement for possession of a dangerous weapon, *see* U.S.S.G. § 2D1.1(b)(1), and a two-level enhancement for obstructing or impeding the administration of justice, *see id.* § 3C1.1, the district court sentenced Mr.

Alexander to 115 months' imprisonment. We affirmed Mr. Alexander's sentence. *See United States v. Alexander*, 292 F.3d 1226 (10th Cir. 2002).

After the Supreme Court issued its decision in *Blakely v. Washington*, 542 U.S. 296 (2004), Mr. Alexander filed a petition for habeas corpus under 28 U.S.C. § 2255 seeking to vacate his sentence. Because Mr. Alexander filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), his petition is subject to its provisions. *See McGregor v. Gibson*, 248 F.3d 946, 951 (10th Cir. 2001). The district court held the petition in abeyance pending the resolution of *United States v. Booker*, 125 S. Ct. 738 (2005), and eventually denied relief. *See* Order of Jan. 13, 2005, R. Doc. 104, at 3.

To appeal the denial of his § 2255 petition, Mr. Alexander must first obtain a COA, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant meets this standard by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations and quotation marks omitted).

The district court denied Mr. Alexander's application for a COA. *See*

Order of March 9, 2005. On April 27, 2005, Mr. Alexander filed an application for a COA in the Tenth Circuit. He argues that the trial court violated his Sixth Amendment rights under *Blakely* and *Booker* by enhancing his sentence based on facts not admitted by him or found by a jury, and he maintains that *Blakely* and *Booker* announced a new rule of constitutional law that applies retroactively to cases on collateral review. App. for COA 2. This argument is directly foreclosed by *United States v. Bellamy*, ___ F.3d ___, 2005 WL 1406176 (10th Cir. Jun. 16, 2005), in which we held that *Booker* does not apply retroactively to convictions that were final at the time it was decided. *See also United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (holding that *Blakely* does not apply retroactively); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004) (denying a motion for authorization to file a second or successive habeas petition because the Supreme Court had not held that *Blakely* applied retroactively to cases on collateral review). The Supreme Court decided *Booker* on January 12, 2005. Mr. Alexander's conviction and sentence became final in 2002. *See United States v. Alexander*, 292 F.3d 1226 (10th Cir. 2002). Because his sentence was final long before *Booker* was decided, Mr. Alexander is not entitled to resentencing, and no reasonable jurist would debate whether his § 2255 petition should have been granted.

The request for a COA is therefore **DENIED**, and the petition is

**DISMISSED.**

Entered for the Court,


Michael W. McConnell
Circuit Judge