**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MIKE GREEN,

      Defendant-Appellant.

No. 05-2004

(D.C. No. CV-04-1273-JP/LAM)
(D.C. No. CR-02-1714 JP)
(D.N.M.)

---

**ORDER**

---

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

---

Mike Green, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of the habeas petition he filed pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a final order disposing of a § 2255 petition unless the petitioner first obtains a COA).

Green pled guilty to an information charging him with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  The district court sentenced him to a term of imprisonment of 92 months.  He did not appeal his conviction or sentence.  Later, Green filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence was imposed in violation of Blakely v. Washington, 542

U.S. 296 (2004).[1]  In his motion, Green urged that the district court erred in sentencing him on the basis that his crime involved more than five grams of cocaine when he allegedly stated during his plea hearing that his crime involved less than five grams.  The district court denied his motion, finding that there was no factual basis for his allegation that he pled guilty to less than five grams of cocaine base and that Blakely does not apply retroactively to cases on collateral review.  The district court also denied his application for a COA.

During the pendency of this appeal, Green filed several motions seeking the production of tapes, transcripts of proceedings, and other evidentiary materials as well as motions to consider newly discovered evidence and to reopen his § 2255 proceedings.  The district court denied these motions for lack of jurisdiction, with the exception of Green's motion to reopen his § 2255 proceedings, which it transferred to this court.  Additionally, Green has filed an application for conditional release which is currently pending before us.

This court can issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district

_____

[1] In his COA application before this court, Green makes a vague allegation of ineffective assistance of counsel.  Green did not raise this claim in the district court proceedings and has not provided us with any details to explain the claim.  Accordingly, we do not consider it to be at issue.

court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merits." Id. at 336. Green is not required to prove the merits of his case, but he must nonetheless demonstrate "something more than the absence of frivolity" or the mere existence of good faith on his part. Id. at 338 (quotations omitted).

Pursuant to the Miller-El framework, we have reviewed Green's application and the record below, and we conclude that Green is not entitled to a COA. The district court was correct; neither Blakely nor United States v. Booker, 125 S.Ct. 738 (2005), a case decided after the district court's decision which extends the logic of Blakely to the Federal Sentencing Guidelines, are retroactive or apply to cases on collateral review. Leonard v. United States, 383 F.3d 1146, 1148 (10th Cir. 2004); United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005). Green, therefore, has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, this court DENIES his application for a COA, DENIES all other pending motions as moot, and DISMISSES this matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

3