**F I L E D**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENX CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RICHARD GARCIA,

    Defendant-Appellant.

No. 05-2069

(D.C. No. CV-04-1292 BB/ACT)
(D.C. No. CR-01-1134 BB)
(D.N.M.)

---

**ORDER**

---

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

---

Richard Garcia, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of the habeas petition he filed

pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal

may be taken from a final order disposing of a § 2255 petition unless the petitioner first

obtains a COA).

Garcia pled guilty to a charge of distribution of cocaine base. The district court

sentenced him to a term of 60 months imprisonment and entered judgment on the

conviction on November 8, 2002. Garcia did not directly appeal his conviction or

sentence. On November 12, 2004, Garcia filed a motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence was imposed in

violation of Blakely v. Washington, 542 U.S. 296 (2004).  The district court denied his motion because Blakely and United States v. Booker, 125 S.Ct. 738 (2005), which extended the logic of Blakely to the Federal Sentencing Guidelines, do not apply retroactively to cases on collateral review.  Garcia filed a motion for reconsideration which the district court also denied.  Additionally, the district court denied his application for a COA, but granted his petition to proceed in forma pauperis.

This court can issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  This determination "requires an overview of the claims in the habeas petition and a general assessment of their merits."  Id. at 336.  Garcia is not required to prove the merits of his case, but he must nonetheless demonstrate "something more than the absence of frivolity" or the mere existence of good faith on his part.  Id. at 338 (quotations omitted).

Pursuant to the Miller-El framework, this court has reviewed Garcia's application and the record below and concludes that Garcia is not entitled to a COA.  The district court was correct; neither Blakely nor Booker are retroactive or apply to cases on collateral review.  Leonard v. United States, 383 F.3d 1146, 1148 (10th Cir. 2004);

2

<u>United States v. Bellamy</u>, 411 F.3d 1182, 1188 (10th Cir. 2005).  Accordingly, Garcia has not "made a substantial showing of the denial of a constitutional right," and this court must DENY his application and DISMISS the case.

The request for a COA is DENIED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge