**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARMERINA GALLARZO DE GARCIA,

Defendant - Appellant.

No. 05-2018
(D.C. Nos. CIV-04-1264 BB/DJS and
CR-01-782)
(D.N.M.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and, **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Camerina Gallarzo de Garcia, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") so that she may appeal the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside or correct her federal sentence. Because we determine that she has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny her request for a COA and dismiss the appeal.

Ms. Gallarzo de Garcia was convicted of possession with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C.

§ 841(b)(1)(B), and was sentenced to sixty months imprisonment and four years supervised release. The district court entered judgment on the conviction on June 12, 2002. No direct appeal was filed.

On November 3, 2004, Ms. Gallarzo de Garcia filed her § 2255 motion claiming (1) that her trial counsel provided ineffective assistance, and (2) that she was sentenced based on a drug quantity not found by a jury or admitted to by her in violation of Blakely v. Washington, 542 U.S. 296 (2004). The district court denied Ms. Gallarzo de Garcia's § 2255 petition, finding that her ineffective assistance of counsel claim was untimely and that Blakely did not apply on collateral review, citing Leonard v. United States, 383 F.3d 1146, 1147-48 (10th Cir. 2004).

Where the district court denies a § 2255 motion on procedural grounds, a COA should issue when the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Where the district court denies the motion on the merits, a COA should issue when the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Although Ms. Gallarzo de Garcia argues that counsel was ineffective for

failing to recognize the significance of various cases suggesting the result in

Blakely, no reasonable jurist would disagree with the district court's conclusion

that her § 2255 motion was outside the one-year limitation period. See 28 U.S.C.

§ 2255. That period runs from the date on which the judgment of conviction

becomes final. Clay v. United States, 537 U.S. 522, 524 (2003). Because Ms.

Gallarzo de Garcia did not file a direct appeal, her conviction became final ten

days after the judgment was entered on June 12, 2002, or on Monday, June 24,

2002. See Fed. R. App. P. 4(b)(1)(A)(i) (notice of appeal must be filed within ten

days after entry of judgment); 4(b)(6) (judgment is entered when entered on

criminal docket); 26(a)(3) (excluding last day if a Saturday, Sunday or legal

holiday).[1] Thus, Ms. Gallarzo de Garcia had until June 24, 2003, to file her

§ 2255 motion.[2] Reasonable jurists would not debate the district court's

conclusion that Ms. Gallarzo de Garcia's motion filed November 3, 2004, was

untimely, and her claim is not adequate to require further proceedings.

---

[1]Ms. Gallarzo de Garcia's judgment of conviction was entered prior to the December 1, 2002, amendment to Fed. R. App. P. 26, which now provides that intermediate Saturdays, Sundays and legal holidays are excluded when the period is less than 11 days. Fed. R. App. P. 26(b)(2).

[2]Ms. Gallarzo de Garcia did not argue in the district court or on appeal that the one-year limitations period should be tolled; thus, we will not consider whether she should be entitled to equitable tolling.

We GRANT IFP status, DENY a COA, and DISMISS this appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

05-2018 *United States of America v. Gallarzo de Garcia*
**O'BRIEN**, concurring and dissenting.

I join that part of the order denying a COA and dismissing this case. I dissent from the grant of *in forma pauperis* status.

The district court denied petitioner's request for leave to appeal *in forma pauperis* after concluding that "Petitioner has no reasoned, non-frivolous argument in law or fact." That is the functional equivalent of a certification that the appeal is "not taken in good faith." 28 U.S.C. § 1915(a)(3). The district court was correct. The petition is merely a rehash of frivolous arguments presented to and rejected by the district court; they fly in the face of settled law and contain no reasoned argument for a modification or reversal of that law. Congress sought to limit frivolous prisoner appeals by exempting them from the fee waivers. We are bound by that directive.