ORDER DENYING CERTIFICATE OF APPEALABILITY
PAUL J. KELLY, JR., Circuit Judge.
Petitioner-Appellant Camerina Gallarzo de Garcia, a federal inmate appearing pro se, seeks a certificate of appealability (“COA”) so that she may appeal the district court’s denial of her 28 U.S.C. § 2255 motion to vacate, set aside or correct her federal sentence. Because we determine that she has not made a “substantial showing of the denial of a constitutional right,” 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), we deny her request for a COA and dismiss the appeal.
Ms. Gallarzo de Garcia was convicted of possession with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. § 841(b)(1)(B), and was sentenced to sixty months imprisonment and four years supervised release. The district court entered judgment on the conviction on June 12, 2002. No direct appeal was filed.
On November 3, 2004, Ms. Gallarzo de Garcia filed her § 2255 motion claiming (1) that her trial counsel provided ineffective assistance, and (2) that she was sentenced based on a drug quantity not found by a jury or admitted to by her in violation of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The district court denied Ms. Gallarzo de Garcia’s § 2255 petition, finding that her ineffective assistance of counsel claim was untimely and that Blakely did not apply on collateral review, citing Leonard v. United States, 383 F.3d 1146, 1147-48 (10th Cir. 2004).
Where the district court denies a § 2255 motion on procedural grounds, a COA should issue when the petitioner “shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.” Slack, 529 U.S. at 484, 120 S.Ct. 1595. Where the district court denies the motion on the merits, a COA should issue when the petitioner “demonstrate^ that reasonable jurists would find the district court’s assessment of the constitutional claims debatable or wrong.” Id.
Although Ms. Gallarzo de Garcia argues that counsel was ineffective for failing to recognize the significance of various cases suggesting the result in Blakely, no reasonable jurist would disagree with the district court’s conclusion that her § 2255 *114 motion was outside the one-year limitation period. See 28 U.S.C. § 2255. That period runs from the date on which the judgment of conviction becomes final. Clay v. United States, 537 U.S. 522, 524, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Because Ms. Gallarzo de Garcia did not file a direct appeal, her conviction became final ten days after the judgment was entered on June 12, 2002, or on Monday, June 24, 2002. See Fed. R.App. P. 4(b)(l)(A)(i) (notice of appeal must be filed within ten days after entry of judgment); 4(b)(6) (judgment is entered when entered on criminal docket); 26(a)(3) (excluding last day if a Saturday, Sunday or legal holiday).[1] Thus, Ms. Gallarzo de Garcia had until June 24, 2003, to file her § 2255 motion.[2] Reasonable jurists would not debate the district court’s conclusion that Ms. Gallarzo de Garcia’s motion filed November 3, 2004, was untimely, and her claim is not adequate to require further proceedings.
We GRANT IFP status, DENY a COA, and DISMISS this appeal.

. Ms. Gallarzo de Garcia’s judgment of conviction was entered prior to the December 1, 2002, amendment to Fed. R.App. P. 26, which now provides that intermediate Saturdays, Sundays and legal holidays are excluded when the period is less than 11 days. Fed. R.App. P. 26(b)(2).

. Ms. Gallarzo de Garcia did not argue in the district court or on appeal that the one-year limitations period should be tolled; thus, we will not consider whether she should be entitled to equitable tolling.