**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

JOHN WESLEY RADCLIFF,

       Defendant-Appellant.

No. 14-1076
(D.C. Nos. 1:13-CV-03331-PAB &
1:99-CR-00061-PAB-2)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, **EBEL**, and **PHILLIPS**, Circuit Judges.

John Wesley Radcliff, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's denial of his motion filed

pursuant to 28 U.S.C. § 2255. We deny a COA, but we also vacate the district

court's judgment and remand with instructions to dismiss Radcliff's motion for lack

of jurisdiction.

Radcliff was convicted in 2001 of federal drug and firearm offenses. He

appealed, and this court affirmed his convictions and sentence. *United States v.*

*Radcliff*, 331 F.3d 1153, 1164 (10th Cir. 2003). In the § 2255 motion he filed in

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

December 2013, Radcliff challenged his sentence imposed for his 2001 convictions, citing the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). He argued that his motion was timely under § 2255(f)(3) because he claimed that *Alleyne* recognized a new right that has been "made retroactively applicable to cases on collateral review."

The district court first construed Radcliff's motion as an unauthorized second or successive § 2255 motion, noting that he had previously filed a § 2255 motion in 2004. The court stated that, without this court's authorization, it had no jurisdiction to consider the merits of the claims Radcliff asserted in his second or successive § 2255 motion. The court next determined that transfer of the motion to this court was not in the interests of justice and that the motion should be "denied" for lack of jurisdiction. R. at 64. The court then proceeded to hold that, if the court did have jurisdiction, Radcliff's motion would be denied as untimely. The court ultimately stated that the motion was "denied" "[f]or the reasons stated." *Id.* at 61. The judgment denied the motion and dismissed the action.

Radcliff must obtain a COA to pursue an appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Radcliff first argues that the district court erred in holding that his motion was untimely because it misconstrued § 2255(f)(3). But a district court does not have jurisdiction to address the merits of an unauthorized second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Radcliff therefore disputes that his December 2013 § 2255 motion was second or successive. He claims that he never filed a *first* § 2255 motion.

The district court's docket, however, reflects that Radcliff did file such a motion on October 27, 2004. *See* R. at 50. He nonetheless maintains that his 2004 motion was not filed pursuant to § 2255. We have reviewed Radcliff's 2004 filing and conclude that it was a § 2255 motion. His motion and the district court's order denying it are attached to this order as Exhibits A and B. Radcliff filed the motion on a form citing § 2255, and he stated he was challenging his 2001 convictions. *See* Ex. A at 1. He then cited *Blakely v. Washington*, 542 U.S. 296 (2004), for the proposition that he was entitled to a jury determination of the facts supporting a sentence enhancement based upon obstruction of justice. *See id.* at 4-5.

The district court denied Radcliff's 2004 § 2255 motion as untimely. *See* Ex. B at 2-3. A § 2255 motion that was dismissed as time-barred qualifies as a first § 2255 motion, making any later motions challenging the same conviction second or successive. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam).

- 3 -

Thus, reasonable jurists would not debate the district court's procedural ruling that it lacked jurisdiction to consider Radcliff's latest § 2255 motion because it had not been authorized by this court. For that reason we deny a COA. But because the district court proceeded to deny, rather than dismiss, Radcliff's motion, we vacate the district court's judgment and remand with instructions to dismiss Radcliff's unauthorized second or successive motion for lack of jurisdiction. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." (brackets and internal quotation mark omitted)). We grant Radcliff's application to proceed on appeal without prepayment of costs and fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-N-2230
(To be supplied by the court)

OCT 27 2004

ᴳᴿᴱᴳᴼᴿY C. ᴸᴬᴺᴳᴴᴬᴹ
CLERK

UNITED STATES OF AMERICA,

v.

John Wesley Radcliff
_____, Movant.

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

A. CONVICTION UNDER ATTACK

1. Name and location of the court that entered the judgment of conviction you are attacking:

United States District Court
District of Colorado

2. Date the judgment of conviction was entered:

July 21, 2001

3. Case number:

99-CR-61-N

4. Describe the type and length of sentence imposed:

288 months imprisonment

21 USC 846 - 168 months

18 USC 924(c) - 60 months (consecutive)

(Rev. 4/15/02)

**EXHIBIT A**

1372

5. Are you serving a sentence that was imposed for a conviction other than the conviction you are attacking in this application?  ___ Yes _XX_ No (CHECK ONE)

6. Nature of the offenses with which you were charged: (all counts)  21 USC 846, 18 USC 924(c)

7. On which counts were you convicted?  21 USC 846, 18 USC 924(c)

8. What was your plea?  Not guilty

9. If you pled guilty pursuant to a plea bargain, describe the terms and conditions of the plea:  N/A

10. Kind of trial:  _XX_ Jury ___ Judge only (CHECK ONE)

11. Did you testify at trial?  ___ Yes ___ No (CHECK ONE)

## B. DIRECT APPEAL

1. Did you file a direct appeal?  _X_ Yes ___ No (CHECK ONE)

2. Date and result of 10th Circuit decision (attach a copy of the decision if available):  June 16, 2003

3. Date and result of any appeal to the United States Supreme Court (attach a copy of the decision if available):  October 26, 2003

4. List the claims raised on direct appeal: 1) Evidence was not sufficient to support Defendant's firearm conviction, 2) Wiretap evidence used against Defendant at trial should have been suppressed due to a defect in the court order 3) District Court erred in not granting downward departure

5. If you did not file a direct appeal, explain why: _____

_____

_____

## C. POSTCONVICTION PROCEEDINGS

1. Other than a direct appeal, have you initiated any postconviction proceedings with respect to the judgment under attack?

___ Yes __X__ No  (CHECK ONE)

2. If you answered "Yes" to question 1., give the following information for each postconviction proceeding. If you have initiated more than one postconviction proceeding, use extra paper to list each proceeding using the format below.

A. Name and location of court: _____

B. Type of proceeding: _____

C. Date filed: _____

D. List the claims raised: _____

_____

_____

E. Date and result (attach a copy of the decision if available): _____

F.    Did you appeal?            ___ Yes  X  No  (CHECK ONE)

G.    Date and result on appeal (attach
a copy of the decision if
available):                           ___

3.    If the instant application is a second or successive
application, have you obtained authorization from    N|A
the United States Court of Appeals for the Tenth
Circuit for this court to consider the application?     ___ Yes ___ No  (CHECK ONE)

## D. CLAIMS

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important. You do not need to cite specific cases to support your claim(s). If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims. Identify clearly any additional pages that you attach to this form.

1.    Did you raise on direct appeal or in a prior action
any of the claims you are asserting in this
motion?                                 ___ Yes  X  No  (CHECK ONE)

2.    If you answered "Yes" to question 1., state which claims previously were raised and explain why those claims are being raised again:

_____

_____

_____

3.    If you answered "No" to question 1., state which claims were not raised previously and explain why those claims were not raised on direct appeal or in a prior action:

Because a critical Supreme Court ruling, Blakely v. Washington 124 S. Ct. 2531 (2004) had a direct impact on Defendant's case, but was not decided until after Defendant filed his appellate briefs.

4. Claim One: Defendant's sentence was enhanced for Obstruction of Justice (3C1.1) (2 levels) and Aggravating Role (3B1.1(c)) (2 levels), which were not found true by the jury.

A. Supporting facts:

Defendant was convicted after a jury trial and was sentenced by the trial judge, on factors found by the Court, in violation of the mandates of Blakely v. Washington. Although the government may argue that "Blakely" is not retroactive, the Supreme Court's ruling in "Blakely" cites the support for the "Blakely" line of reasoning as being the "original intent" of the "Founding Fathers" in mandating juries in criminal trials as a necessary check on the power of the government. Thus, the Defendant was entitled to a jury finding of facts supporting his sentence, based on the Sixth Amendment to the Constitution.

5. Claim Two: _____

A. Supporting Facts:

6.  Claim Three: _____

    A.  Supporting facts:

7.  Claim Four: _____

    A.  Supporting facts:

# E. OTHER CONVICTIONS

1.  Do you have any concurrent or future sentence(s) to be served after you complete the sentence imposed as a result of the conviction under attack?                                         ___ Yes  �XNo  (CHECK ONE)

2.  If you answered "Yes" to question 1., give the following information for each sentence:

    A.  Name and location of the court: _____

    B.  Case number: _____

    C.  Type and length of sentence: _____

# F. LEGAL REPRESENTATION

1.  List the names and address, if known, of each attorney who has represented you in proceedings regarding the conviction under attack:

    A.  Preliminary hearing:      N/A

    B.  Arraignment and plea:     N/A

    C.  Trial                     SAME AS BELOW

    D.  Sentencing:               SAME AS BELOW

    E.  Appeal:                   David B. Savitz
                                  1660 Wynkoop Street #1100, Denver, CO
    F.  Postconviction proceedings:   80202

    G.  Appeal from any adverse ruling in postconviction proceedings: _____

# G. REQUEST FOR RELIEF

I request the following relief:

Vacate Defendant's sentence and remand for resentencing consistent with the dictates of "Blakely v. Washington," removing the enhancements for Obstruction of Justice and Aggravating Role.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the movant in this action; that I have read this motion, and that the information in this motion is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on ____10 - 24 - 04____
(Date)

_____
(Movant's Original Signature)

Movant's prisoner identification number and complete mailing address:

John Wesley Radcliff    28778-013

Federal Correctional Institution, P.O. Box 9000, Safford AZ

85548-9000

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies, under penalty of perjury, that he has served __3__ true and accurate copy(ies) of the attached ___MOTION 2255___

upon the following parties:

U.S. DISTRICT COURT FOR
THE DISTRICT OF COLORADO
CLERKS OFFICE: ALFRED A. ARRAJ
U.S. COURT HOUSE ROOM A-105
901 19 TH ST.
DENVER, CO.
80294-3589

postage prepaid, by placing same in the Bureau of Prisons' mailing system, on the date set forth below.

DATED: __10/29/04__, 2004.
Safford, Arizona.

John Wesley Radcliff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Edward W. Nottingham

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 3 2004

GREGORY C. LANGHAM
CLERK

Civil Action No. 04-N-2230
Criminal Action No. 99-CR-61-N

UNITED STATES OF AMERICA,

v.

JOHN WESLEY RADCLIFF,

Movant.

---

## ORDER DENYING 28 U.S.C. § 2255 MOTION

---

Movant John Wesley Radcliff has filed *pro se* a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mr. Radcliff was convicted by a jury of conspiracy to distribute methamphetamine and of carrying a firearm during and in relation to that conspiracy. He was sentenced to 228 months of imprisonment, 168 months of imprisonment on the conspiracy count and an additional 60 months on the firearm count. Judgment was entered on the docket on November 26, 2001. On June 16, 2003, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) affirmed his conviction and dismissed his sentencing challenge. *See United States v. Radcliff*, 331 F.3d 1153 (10th Cir. 2003). On October 20, 2003, the Supreme Court denied certiorari review.

The instant 28 U.S.C. § 2255 motion was filed in this court on October 27, 2004. However, the certificate of mailing attached to the motion indicates that the motion was mailed to the court on October 24, 2004. Therefore, pursuant to the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), the action was filed on October

**EXHIBIT B**

24, 2004. This is Mr. Radcliff's first § 2255 motion.

Mr. Radcliff asserts that his sentence was enhanced for obstruction of justice and aggravating role, neither of which was found by the jury, in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

The one-year limitation period in 28 U.S.C. § 2255 generally bars motions filed more than one year after a conviction becomes final. As noted above, Mr. Radcliff's direct appeal was final on October 20, 2003. As a result, Mr. Radcliff is barred from seeking relief pursuant to § 2255 unless the court determines that the right he is asserting based on *Blakely* "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255.

In *Leonard v. United States*, 383 F.3d 1146 (10th Cir. 2004), the Tenth Circuit noted that "[t]he Supreme Court has not expressly held that the rule announced in *Blakely* is applicable to the Federal Sentencing Guidelines." *Id.* at 1148. The court also noted that the United States Court of Appeals for the Seventh Circuit had dismissed a § 2255 motion because "[t]he Supreme Court has not made the *Blakely* rule applicable to cases on collateral review." *Id.*, citing *Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004). Under those circumstances, the *Leonard* court held that the rule in *Blakely* is not retroactively applicable to cases on collateral review for the purposes of filing a second or successive § 2255 motion. While presently there is no controlling authority that addresses the question of whether the rule in *Blakely* applies retroactively to an initial § 2255 motion, I will anticipate the likely answer to that issue.

The rule in *Blakely* is an extension of the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In the Tenth Circuit, the rule in *Apprendi* does not apply retroactively

2

to cases on collateral review. *See United States v. Mora*, 293 F.3d 1213 (10th Cir. 2002). In addition, the Supreme Court has held that a different extension of *Apprendi*, the rule announced in *Ring v. Arizona*, 536 U.S. 584 (2002), does not apply retroactively to cases on collateral review. *See Schriro v. Summerlin*, 124 S. Ct. 2519 (2004). Therefore, it appears that the rule in *Blakely* also is not retroactively applicable to cases on collateral review. Accordingly, it is

ORDERED that the motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by the movant John Wesley Radcliff is denied. It is

FURTHER ORDERED that the motion for appointment of counsel filed on November 1, 2004, is denied as moot. It is

FURTHER ORDERED that the application to proceed without prepayment of fees and supporting affidavit, submitted as an attachment to the November 1, 2004, request for court-appointed counsel, is denied as unnecessary.

DATED at Denver, Colorado, this **22** day of **Nov.** 2004.

BY THE COURT:

EDWARD W. NOTTINGHAM
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04–N–2230
(Criminal Action No. 99–CR–61–N–2)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Order Denying 28 U.S.C. § 2255 Motion signed by Judge Edward W. Nottingham on November 22, 2004 was served on November 23, 2004 by hand-delivery, where a "D.C." box number or asterisk (*) is indicated after the recipient's name, by electronic mail to the electronic mail address specified where a double asterisk (**) is indicated after the recipient's name, or otherwise by depositing it in the United States mail, postage prepaid, addressed to the recipient:

John Wesley Radcliff
Reg. No. 28778-013
Federal Correctional Institution
P.O. Box 9000
Safford, AZ 85548-9000

Office of the U.S. Attorney*

GREGORY C. LANGHAM, CLERK

By_____
Secretary or Deputy Clerk