**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT ALLEN LITTLE, JR.,

    Defendant - Appellant.

No. 02-4060
(No. 2:98-CV-880-S, 2:95-CR-149-B)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Robert Little seeks to appeal the district court's denial of his 28 U.S.C.

§ 2255 motion. We deny Little's application for a certificate of appealability

("COA") and dismiss.

Little is currently serving a twelve-year sentence for setting off a pipebomb

outside the dormitory room of two African-American students at Dixie College in

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

St. George, Utah. Little was certified as an adult for trial, pursuant to 18 U.S.C. § 5082, based on a prior California juvenile conviction. In his pro se brief before this Court, Little raises only one challenge to the district court's denial of his 28 U.S.C. § 2255 motion. He argues that he was improperly certified as an adult under § 5032 because the prior California juvenile conviction was not based on a jury trial. According to Little, the use of this juvenile conviction violates the requirements of Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Tighe, 266 F.3d 1187 (9th Cir. 2001).

While we construe the pleadings of a pro se litigant liberally, Little never argued that his adult certification pursuant to § 5032 violated Apprendi during the proceedings before the district court. Little filed his habeas petition on December 10, 1998, and an evidentiary hearing was held on October 17, 2000. Because Apprendi was decided on June 26, 2000, Little had plenty of time to raise this issue before the district court. Furthermore, Little was represented by appointed counsel during the proceedings below. We ordinarily do not consider an issue raised for the first time on appeal. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Little has not alleged that extraordinary circumstances exist such that we should consider this issue for the first time, and our independent review of the record has determined that none are present.

Little's motion to proceed in forma pauperis is **GRANTED**, his application

for a COA is **DENIED**, and this matter is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge